FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 DEC -4 AM 10: 57
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HENRY LEE MORRIS,

   Plaintiff,

v.

JEFF DAVIS COUNTY SHERIFF'S
DEPARTMENT; JOHN D. LEE;
RICHARD DEAS; and JEFF DAVIS
COUNTY JAIL,

   Defendants.

CIVIL ACTION NO.: CV212-182

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

 Plaintiff, who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain events occurring in Jeff Davis County, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

 28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was released from the Jeff Davis County Jail on bond. Plaintiff asserts that, after he was released, he went to visit a family member outside of Jeff Davis County and learned after his return to Jeff Davis County that he was released erroneously. Plaintiff also asserts that he was charged improperly with escape, which led to the revocation of his probation from Telfair County. Plaintiff names as Defendants Jeff Davis County Sheriff's Department, Investigator John Lee, Sheriff Richard Deas, and the Jeff Davis County Jail.[1]

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Eleventh Circuit has stated that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983. Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department under Alabama law). "[C]ases within this

---

[1] The Clerk of Court is directed to place "Jeff Davis County Jail" as a Defendant upon the docket of this case. Plaintiff clearly names this entity as a Defendant in his Complaint. (Doc. No. 1, pp. 4, 14).

AO 72A
(Rev. 8/82)

Circuit addressing this issue under Georgia law have reached the same conclusion." Id. (citing Bunyon v. Burke Cnty., 285 F. Supp.2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same). As a result, Plaintiff cannot show that he is entitled to relief against the the Jeff Davis County Sheriff's Department under § 1983. Likewise, Plaintiff cannot sustain a claim against the Jeff Davis County Jail, as this is a building, which cannot be held liable for any actions or inactions in support of a section 1983 claim.

Moreover, a federal malicious prosecution claim under 42 U.S.C. § 1983 requires proving that a state actor committed the common law tort of malicious prosecution. Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir.2004). In Georgia, the elements of the common law tort include, among other things, showing that a prosecution occurred without probable cause and with malice. Curves, LLC v. Spalding Cnty., Ga., 685 F.3d 1284, 1293 (11th Cir. 2012) (citing Wal-Mart Stores, Inc. v. Blackford, 264 Ga. 612, 449 S.E.2d 293, 294 (1994)). Plaintiff has not shown that Defendant Lee or Defendant Deas acted maliciously. As a result, Plaintiff cannot sustain a cause of action against Defendants Lee and Deas.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 4th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)